JAMES LAKE v. MABRY WAFER'S ADM'R.

That the survey was made in 1841 without certificate, and applied to the
   certificate in 1844, is no objection to the validity of the patent.
It seems the Court will not take judicial notice of the date and substance
   of Mercer's colonial contract.

Error from Hunt.    Trid before the Hon. William S. Todd.

*Morrill & Dickson*, for defendant in error.

HEMPHILL, CH. J.   The plaintiff in error having failed to
prosecute the writ of error, the defendant submits the record
and prays an affirmance of the judgment.

The suit was instituted by Wafer, the deceased intestate of
the defendant in error, who claimed under a patent to himself
as assignee ; the defendant below (who is plaintiff in error)
claimed as a colonist of Mercer's colony.

The plaintiff produced his patent, but as this was not set
out, its date does not appear from the record.   This is of lit-
tle importance, however, as the contest seems to have been be-
tween the equities of the parties, and this depended on the
priority of inception in their respective titles.   The field notes
of the plaintiff were in evidence, and showed a survey in
1841.   There was an attempt to prove that though the survey
was made in 1841, yet it was not applied to the certificate on
which the patent issued until 1844, upon the hypothesis that
at the latter period, the land was not subject to location, ex-
cept for claims under Mercer's colonial contract.   But the
evidence of the Surveyor, by which this fact was to be estab-
lished, was rejected ; and there is no evidence in the record

conducing to prove the fact, except the declarations of a witness detailing an agreement between an agent of the plaintiff, and the Surveyor, in 1844, to apply the certificate to a survey made in 1841. This would be repugnant to the official report of the Surveyor ; and, without corroborating circumstances, could scarcely be deemed sufficient to disprove the fact as stated in the field notes of the survey.

But let it be admitted that the certificate was not applied to the survey, until the 10th March, 1844, as proven by the witness ; yet, there is nothing in the record which shows that such application was not valid in law, or that the defendant Lake, or any one else, had, at that time, a claim or equity to the land.

The defendant claimed as a colonist under Mercer's colonial contract, and his colony certificate was issued in 1850. The contract of Mercer was offered in evidence, but it is not set out in the statement of facts. Its date, substance, and terms, do not appear from the record, and are not judicially known to the Court. For aught that appears on the record, the contract may not have been made until after 1844 ; or, if previously made, there may have, by its terms, been no express or implied inhibition against locations and surveys until the boundaries of the contract were fixed and ascertained ; and that some provision of this character is to be found in the contract may be inferred from the record. The County Surveyor, in answer to specific interrogatories, states that he received notice of the territorial limits of the colony from the Commissioner of the General Land Office, on the 5th September, 1844, of which he immediately informed his deputies. The Court also charged to the effect that surveys made before the boundaries of the colony were ascertained were valid. By Joint Resolution of February 3rd, 1845, (Hart. Dig. Art. 2145,) it appears that the lines of the colony were still unmarked, and if not surveyed before the first of the succeeding April, the penalty of forfeiture of the contract was denounced.

The rights of the parties, as presented on this record, are within a small compass. The plaintiff established his title by his patent, the date of which is not known ; and he also proved up his certificate and field notes ; the latter dated in 1841.— But, admitting that they should have been dated in March, 1844, the defendant does not show (at least no such evidence appears on the record) that the survey for the plaintiff at that date was invalid by law, or that he or any one else had at that time an equity to the land. The contract of Mercer is not before us ; its terms and date are unknown ; and the only evidence in relation to it, which could affect the plaintiff, is that its limits were defined in September, 1844. This was some months posterior to the application of plaintiff's certificate to the survey in 1841 ; and upon the whole, the defendant adduced no evidence (as appears from the record) to countervail the legal and equitable title of the plaintiff.

It is ordered that the judgment be affirmed.

Judgment affirmed.