G. W. MORELAND v. ROBERT ATCHISON.

A settlement and survey, within the limits of Peters' colony, after the taking effect of the act, reserving those lands from location or settlement, in 1852, confers no right of pre-emption.

The rights of a purchaser under such a claim, in a suit to rescind the sale for want of title, are not affected by the fact, that he might have acquired title to the land, had he anticipated the subsequent legislation, and complied with the terms imposed, as necessary to make good the title; but the case is to be determined by the rights, which the parties had, at the time of bringing the suit. The purchaser was under no obligation, to place himself in a condition to take the benefit of such legislation.

After the accrual of the purchaser's right of action, to rescind for defect of title, and the vendor has, when requested, declined to secure it, by filing a certificate upon the land, the latter has no cause of complaint against the vendee, nor is the plaintiff's action affected by the fact, that *he* sought to secure the land by a certificate, and afterwards, for a consideration, withdrew it, and suffered another to locate.

APPEAL from Grayson. Tried below before the Hon. Nat. M. Burford.

This suit was instituted by George W. Moreland, against Robert Atchison, on the 21st day of September, 1855, for the rescission of a contract, by which the defendant, on the 30th of October, 1854, sold to the plaintiff, a tract of land in Grayson county, containing 320 acres of land.

The petition alleged, that the defendant fraudulently represented to the plaintiff, who was then a stranger in the country, that the title to the land was good; that he would guaranty the title to the same; that the plaintiff, relying upon the representations of the defendant, purchased the same at the price of $1000, a portion of which he had paid, and the balance whereof was yet payable. The title claimed by the defendant, was the pre-emption claim of Daniel Boone; the land was within the limits of Peters' colony; Boone made application for a pre-emption of the said 320 acres of land, on the 9th day of December, 1853, and it was surveyed for him, on the 19th day of May, 1854.

Boone sold his claim to Atchison, and no writings having passed, when the latter sold to the ·plaintiff, by agreement, Boone made the deed directly to the plaintiff.

In the month of June or July, 1855, the plaintiff stated to the defendant, that he was advised, that the Boone pre-emption was worthless, and requested him to make it safe, by procuring and filing a certificate on the land ; the defendant refused to comply with the request.

The plaintiff himself filed a certificate on the land, and in the month of November, 1855, sold his right to the location, to one William Stinson; and withdrew his certificate, and permitted the purchaser to file one in its stead.

The court instructed the jury as follows: " If you believe from the evidence, that Boone was settled on the land, as a pre-emptionist, prior to the 21st day of December, 1853, and was residing thereon, up to the time of the sale to Moreland, then Moreland, by his purchase, acquired title to a *bonâ fide*, subsisting, and valid pre-emption, which he could have perfected, and carried into a perfect title, by continuing to reside on the same, the length of time required by law.

" By the transfer, or deed, from Boone to Moreland, the latter, by residence on the land, could have acquired a patent for the land, unless the same had been located by a certificate, prior to the settlement of Boone.

"If Moreland has lost the Boone pre-emption, by failing to reside on it, or by disposing of it, he must bear the loss, and cannot recover the purchase-money from Atchison.

" At the date of the trade between Moreland and Atchison, the Boone pre-emption, if made prior to the 21st of December, 1853, was as good a pre-emption in Peters' colony, as if made in any other portion of the state.

" Should you, however, find that the pre-emption of Boone was made after the 21st of December, 1853, then said pre-emption, at the date of the sale, was worthless, and the plaintiff would be entitled to recover back his purchase-money."

The plaintiff asked the court to give the following instruc-

tions: "That the lands in Peters' colony were reserved from location and entry, except for colony purposes, from the 10th of February, 1852, until the 10th of August, 1854, and no settler, as a pre-emptionist, could acquire title in the same, during that period; and if they find that Boone settled within that time, he acquired no title."

"That a pre-emption could not be had during the reservation; and that after the expiration of the limitation, the pre-emption claim allowed the settler, was confined to 160 acres." These instructions the court refused to give.

The defendant having set forth the unpaid notes of the plaintiff, for the purchase-money of the land, and claimed judgment thereon, a verdict and judgment was rendered in favor of the defendant, for $232.24. The appellant assigned as error, the instructions given, and those refused, by the court.

*J. A. & R. Green*, for the appellant.—The point relied upon by the defendant, and upon which the case turned, was the charge of the judge, that if the settlement and pre-emption claim of Boone, was made prior to December 21st, 1853, (the time of the commencement of the Pacific Railroad reservation,) then the title of the plaintiff might have been made good, and he could not recover. This charge was based on the law passed August 15th, 1856, (Summer Session, Acts, p. 39,) by which persons who had taken pre-emptions in Peters' colony, while forbidden by the law reserving the same, should have the same right to their pre-emptions, (as against the State,) as if there had been no such reservation.

It must be remembered, that this act was passed a year after the suit was brought, and the plaintiff had abandoned the land to another party. It is a well-settled general rule of law, that a plaintiff in a suit must recover or be defeated, on his right of action, as it existed *at the time of bringing the suit.* (Bradford v. Hamilton, 7 Texas Rep. 58; Simpson v. McLemore, 8 Id. 448.)

We see no peculiarity in this case, which would exempt it

from the general rule. On the other hand, there are additional special grounds for enforcing the general rule. Moreland had discovered that he was holding the land in violation of the law. He had appealed to his vendor, to secure the title to the land, (which, it is presumed, was his intended home,) and had failed. Could the law require him to retain a tortious possession, in hopes that it would be legalized? If not, the plaintiff did no wrong in abandoning it, while it was still illegal. It cannot be a wrongful act to abandon an illegal possession. If the title would have been ultimately secured, but for some *wrongful* act of the plaintiff, such *might* be a good defence, even though the defendant had rendered himself liable in the first instance; but here the defendant takes the ground, that though he, the defendant, originally wronged the plaintiff, yet, if there was a mode by which the plaintiff could have escaped damage, (if he had only had the gift of prophecy,) then he would not be entitled to the damages actually received.

The Supreme Court, in the former decision, would not hold the plaintiff responsible for his want of knowledge of the country and its laws; but in this, it is sought to make him responsible for his ignorance of futurity; of what the laws *would be thereafter*. Before the law was passed, he had renounced his then worthless and lawless pre-emption title, had withdrawn the only colorable claim he had to the land, for a consideration, and could not, if he would, have secured a title. It is clear, that the plaintiff, without any wrong of his own, has been seriously damaged, by the fraud of the defendant, and we, therefore, again ask a reversal of the case.

*Morrill,* for the appellee.

WHEELER, C. J.—The question of the sufficiency of the petition was settled on a former appeal. (19 Texas Rep. 303.) The disposition of the case must now depend on the question of the correctness of the charge of the court. It is certain, that Boone acquired no right of pre-emption by virtue of his settlement and

survey, because the land was not then subject to be thus appropriated, being within the limits of Peters' colony, and the settlement and survey having been made during the reservation created by the Act of the 10th of February, 1852. (Laws 4th Leg., ch. 72, § 3.) Having no right to the land, Boone could convey none by his sale to Atchison, the defendant, or by his deed of conveyance to the plaintiff. It follows, that the plaintiff acquired nothing by his purchase from the defendant.

Thus the matter stood, as respects the title to the land under the supposed pre-emption right, at the time of bringing the suit, and at the time of the former trial in 1855. The pre-emption claim and survey had not the effect to sever the land from the public domain; the defendant had no right or title to the land, and the deed he procured to be made to the plaintiff, was wholly worthless. But the court, in charging the jury, appears to have denied the right of the plaintiff to avail himself of the defendant's want of title at the time, because, if he had taken and held the possession down to the passage of the Acts of the 26th of January, and the 15th of August, 1856, (O. & W. Dig. 745, Art. 357, § 58,) he would have been entitled to the benefit of that act. In this we think the court was in error. The case must be determined by the rights which the parties had at the time of bringing the suit. It cannot be made to depend upon what rights they might have acquired, had they anticipated the subsequent legislation for the benefit of pre-emption claimants. Nor can it be imputed to the plaintiff as a fault, that he did not settle and remain upon the land, so as to obtain the benefit of future legislation. If he was defrauded in his contract with the defendant, his right of action to rescind the contract, and recover back the purchase-money, can be in no way affected by the subsequent legislation for the benefit of pre-emption claimants, which he could not anticipate, and could be under no obligation to place himself in a condition to take the benefit of, and from which he derived no benefit.

Neither was the plaintiff's right of action affected by his having sought to secure the land by a certificate, and afterwards,

Moreland v. Atchison.

for a consideration paid him, having withdrawn it, and suffered another to locate. He had applied to the defendant to secure the land by a certificate, which the latter refused to do. Equity required no more of him, in reference to any supposed right of the defendant. But the latter had no right, was in no way injured, and having had the opportunity afforded him of securing the right, can have no cause to complain that it was secured by another. It does not appear, that the defendant was in possession when he sold to the plaintiff, or that the latter went into possession, or ever derived any benefit or advantage whatever from his purchase. He disposed of nothing which he had acquired from the defendant, but only the advantage, he had obtained by his own act of diligence, in applying a certificate to the land.

We are of opinion, that there is error in the charge of the court, for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.