Fowler v. Allred.

STEPHEN K. FOWLER AND ANOTHER V. WILLIAM ALLRED AND ANOTHER.

Land within Peters' colony, from February 10th, 1852, until August 10th, 1854, was reserved from, and not subject to be acquired by pre-emption. A survey during that time, for a pre-emption, was unauthorized, and conferred no right to the land.

By the law in force at the expiration of that time, a settler was entitled to a pre-emption of 160 acres; and although he did not seek to appropriate the land under that law, but after the Act of August 15th, 1856, procured a patent for 320 acres, on a survey made for him, as a pre-emptor, while the land could not be thus acquired; *held,* that by his settlement, he became entitled, at the expiration of the said reservation, to an equity as a pre-emptor, to 160 acres, which was revived by the Act of August 15th, 1856, and that he was entitled to priority over a party claiming it under a location and survey of a certificate (not patented,) made after the expiration of the said reservation, and previous to the Act of August, 1856.

But the superior equity of the pre-emptor, only extended to 160 acres, the amount of land to which he was entitled by law, at the time the adverse claimant located his certificate; as to the remainder, the locator had the better title.

APPEAL from Denton. Tried below before the Hon. William S. Todd.

This was a suit by Stephen K. Fowler and John S. Chism, against William Allred, for title and possession of 320 acres of land, and against R. W. Allen, as surveyor of Denton land district, to compel him to record the field-notes of their survey of the land.

The plaintiffs claimed the land in controversy, under a survey of the same, made for them by the surveyor of Denton land district, on the 23d of April, 1855, by virtue of a genuine certificate, to which they showed title. But after their survey was made, the surveyor refused to record their field-notes, because the land was claimed by the defendant, Allred.

The defendant, Allred, claimed the land by virtue of his settlement in 1853, and subsequent continued residence upon, and cultivation of it, to the time of the trial of the cause. On the 10th of June, 1854, he made affidavit as a pre-emption set-

tler, as required by law, and on the same day, procured the said 320 acres of land to be surveyed for him as a pre-emptor. On the 10th day of October, 1856, upon proof being made as required by law, the clerk of the County Court of Denton county, issued to the defendant, Allred, a pre-emption certificate for the said 320 acres of land, which, together with his affidavit, and the field-notes of the survey, were duly returned to the General Land Office within the time prescribed by law; and on the 29th of April, 1857, (after the institution of the suit,) a patent was issued to him for the land.

A jury was waived, and the cause submitted to the judge, who gave judgment for the defendant, from which the plaintiffs appealed.

*John G. Good*, for the appellants.

*Dickson & Throckmorton*, for the appellee.

WHEELER, C. J.—At the period of the appellee's settlement, in 1853, and of his survey in June, 1854, the land in question was not subject to be acquired by pre-emption. It was within the limits of Peters' colony, and had been reserved from being thus appropriated, by the Act of the 10th of February, 1852. The reservation did not expire, until the 10th of August, 1854. (Laws 4th Leg., ch. 72, § 3.) The appellee's settlement and survey, were therefore unauthorized by law, and conferred on him no right whatever to the land. But after the reservation had expired, on the 11th of August, 1854, his settlement and improvement gave him a right of pre-emption, under the law then in force, to 160 acres, to include his settlement or improvement. (O. & W. Dig. 744, Art. 350.) According to the case of Jennings v. De Cordova, 20 Texas Rep. 508, he had an equity to the quantity of land he was thus entitled to appropriate, which the Act of the 15th of August, 1856, (O. & W. Dig. 745, Art. 358,) operated upon and revived, validating his survey, and giving it a priority over an intervening location, not perfected into a patent.

13

The appellee's title, therefore, would have priority over the appellants' location, made in 1855, to the extent of his prior equity, but no further. That equity extended to 160 acres only. (O. & W. Dig. 745, Art. 354.) This, then, was the extent of his equity, which was revived by the Act of the 15th of August, 1856; and to this extent his title was superior to the appellants, but beyond that, he had not the shadow of a right. He could acquire none in contravention of law. As between himself and the government, his patent passed the right of the government; but the appellants' location had lawfully appropriated all but the 160 acres, which he was entitled to claim by virtue of his settlement on the 11th of August, 1854, under the pre-emption law then in force; and the land thus appropriated by the plaintiffs, to which he had no prior equity, the patent did not convey. (Howard and wife v. Perry, 7 Texas Rep. 259; Hamilton v. Avery, 20 Id. 612.)

The result is, that by virtue of the Act of the 15th of August, 1856, and the appellee's patent, he has a title superior to that of the appellants', to 160 acres of the land in question, including his improvements; but to the residue, the right is with the appellants. The judgment must therefore be reversed, and the cause be remanded, in order that the court may cause the portion of the land, to which the appellee is entitled, to be surveyed and set apart to him; and that the appellants may have judgment for the residue.

Reversed and remanded.