## THEODORE KOHLHASS v. CHARLES LINNEY.

Where a party has taken the necessary steps to appropriate to himself the quantity of public land to which he is entitled by law, and has had a survey made for the purpose of perfecting his right, but is prevented from doing so by the fraudulent procurement and appropriation of his field notes by another person, who thereby obtains a patent for the land, such patentee acquires no right to the land by his patent, as against the party so possessing the prior equity.

In order to enable a settler to claim his pre-emption upon public land, it was not necessary that he should have it surveyed within eight months from the commencement of his settlement.   It was sufficient if he procured a survey to be made for himself before legal steps were taken by another person to appropriate it.

But if eight months had elapsed from the settlement of the pre-emptor without a survey, and then, before he had a survey made, another person located a certificate on the land, the claim of the pre-emptor was liable to. be defeated.

APPEAL from Bell.   Tried below before the Hon. N. W. Battle.

The appellee, Linney, brought this suit against the appellant, Kohlhass, for the recovery of 320 acres of land in Bell county.

The title of the plaintiff is sufficiently specified in the opinion. The fraud for which the defendant's patent was impeached, consisted in false representations made to the district surveyor by the

agent of the defendant, that he had arranged with Linney about the land, and was to have the land and the field notes of the survey made by the surveyor for Linney, by which means he procured the field-notes, had them recorded and returned, and obtained the patent. The district surveyor and the agent of the defendant were made defendants by the plaintiff, but the agent having disclaimed any interest in the suit, there was a dismissal as to him, and also as to the surveyor.

There was verdict and judgment in favor of Linney for the land, and judgment against Linney (with his consent,) for the value of the defendant's certificate which had been located on the land, and for costs of survey, patent, &c.

*J. Y. Flint*, for appellant.

*John A. Green*, for appellee.

WHEELER, C. J. It appears by the record, that the plaintiff, Linney, had settled upon and improved the land in question; that it was vacant land; that he made the oath required by law to entitle him to have the land surveyed, and to claim it as a preemption; and that he procured it to be surveyed as his pre-emption claim, within less than twelve months from the date of his settlement, and some time before the procurement of the field-notes by the defendant, and the application to them of the defendant's certificate.

The plaintiff appears to have done all that was necessary to entitle him to claim the land as a pre-emption according to the statute and the decisions of this court, before the attempted appropriation of it by the defendant. (Hart. Dig., art. 2130, 2135; Cravens v. Booth, 17 Tex. R., 268; Jennings v. De Cordova, 20 Tex. R., 508.) He had three years from the commencement of his settlement within which to apply to the survey a certificate; (Hart. Dig., art. 2131;) which had not elapsed when the defendant, through his agent, procured from the surveyor the field notes and prevented him from perfecting his right. There does not appear to have been any laches on the part of the plaintiff. His failure to perfect his claim into a perfect title is attributable, in so

far as we can judge from what appears by the record, to the wrongful appropriation of his field notes by the defendant. The jury appear to have been well warranted by the evidence in finding for the plaintiff upon the question of fact submitted for their decision. The court rightly ruled that the defendant could acquire no right to the land, as against the plaintiff, by the fraudulent procurement and appropriation of the field notes of the survey made for the latter. His patent obtained by such means gave him no title as against the plaintiff's prior equity.

It was not necessary, to enable the plaintiff to claim the land as a pre-emption, that he should have the land surveyed within eight months from the commencement of his settlement. (Jennings v. De Cordova, 20 Tex. R., 508.) It is sufficient for his purpose that it was surveyed before any steps had been taken by the defendant to appropriate the land. If, after the expiration of eight months from his settlement, and before his survey, the defendant had located his certificate upon the land, the plaintiff's claim might have been thereby defeated. But, as we have seen, he had the land surveyed before the defendant made any attempt to locate the land or appropriate the survey.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.