## S. W. TURNER v. J. E. FERGUSON.

1. In trespass to try title, if the plaintiff set out specifically his chain of title his evidence will be confined to the title as alleged.
2. Upon the abandonment of a pre-emption the land becomes vacant, subject to be appropriated by another pre-emption claimant.
3. The relation of landlord and tenant cannot exist upon vacant lands, and a contract of lease of vacant land does not bind the tenant to hold for the landlord.

APPEAL from Bell. Tried below before the Hon. J. P. Osterhout.

J. E. Ferguson brought an action of trespass to try title against S. W. Turner for one hundred and sixty acres of land, alleged to have been patented to plaintiff on December 15, 1871.

Turner, defending, claimed the land as a pre-emption, under the act of twelfth of August, 1870, granting a homestead to actual settlers on vacant public domain; alleging that on tenth of December, 1870, he had made application under the law to appropriate the land as a homestead; that he had had a survey made on ninth of March, 1871, and on twenty-first of September, 1871, had filed the claim and field notes in the office of the Commissioner of the General Land Office; that the file evidencing his claim in the Land Office had been lost or stolen; that the patent to plaintiff was void as against the rights of defendant.

Upon the trial plaintiff produced the patent and closed.

The defendant proved the facts as alleged in his answer, and the plaintiff in replication was allowed, over objection, to prove—

Pre-emption oath and field notes of John Dunn for same land, survey made 21st of April, 1869, under pre-emption act of 1866. Sale of same by Dunn to W. C. Isaacs, and Isaacs' sale of claim to plaintiff, Jas. E. Ferguson. That on February 7, 1870, Isaacs and defendant, Turner, made the following contract:

"LAMPASAS CREEK, Feb. 7, 1870.

"Articles of rent this day entered into between W. C. Isaacs and S. W. Turner:

"I, W. C. Isaacs, hereby agree to lease or rent my place, known as the Dunn pre-emption, in Bell county, between the Lampasas and Salado creeks, to S. W. Tur-

ner, until the first day of October, 1870, for the sum of one dollar.

"I, S. W. Turner, agree to rent said place from W. C. Isaacs, and pay him for rent the sum of one dollar. I further agree to live upon said place, take good care of the buildings, fences, etc., on said place, until the first day of October, 1870, when I am to deliver the same to him.

"W. C. ISAACS,<br>
"S. W. TURNER."

Under this contract it appeared Turner entered, and that after Ferguson's purchase Turner was notified, and agreed to hold under him.

Turner proved that he first heard the land was vacant in February, 1870 ; that he did not set up claim by pre-emption until after the expiration of the terms of his contract with Isaacs. It also appeared that the file or location by Ferguson was made on the land October 14, 1870, and prior to the designation and claim by Turner, which was made December 10, 1870.

Verdict and judgment for plaintiff.

*McGinnis & Lowry*, for appellant.—We believe it to be well settled that in actions of trespass to try title, where the plaintiff in his pleadings claims to own the land by a particular title, he will be restricted to the same on the trial.

We respectfully insist the obtaining of the patent in this case cannot affect the equitable title of Turner as a pre-emptor. (See 20 Texas, 508 ; 24 Texas, 185 ; 26 Texas, 333.)

The right of Turner to the land in dispute as a pre-emptor (he having claimed the same within twelve months after settlement) cannot be affected by the fact he was a tenant under those who claimed under the abandoned

Dunn pre-emption—Turner being ignorant, as the facts show, that the land was vacant unappropriated domain during the term of his lease. (Spiers v. Lamon, 27 Texas, 215, and cases there cited.)

Hence we insist this court will not only decide that the court below erred in permitting evidence to go to the jury of S. W. Turner having once held under those claiming the Dunn pre-emption, under the pleadings in this case, but, under the principle decided in the case of Spiers v. Lamon, will hold that under the facts of this case Turner is entitled to his pre-emption.

No brief for the appellee came to the hands of the Reporters.

WALKER, J.—Turner, the appellant, claims title to the one hundred and sixty acres of land involved in this suit by pre-emption.

The appellee claims the same land under a patent of subsequent date to Turner's pre-emption.

On the trial the court permitted the appellee to offer evidence of a title not set up in his pleadings, which we think was error.

And, moreover, we are of opinion that the title of Turner could not be defeated by the title as claimed through Dunn and Isaacs. Dunn had previously pre-empted the land, but had abandoned his claim. Isaacs, setting up some kind of a claim to it, leased it to Turner and then assigned his lease to Ferguson. Turner went into possession, as he swears, in ignorance of the fact that the land was vacant. He was under no obligation to hold the land for Ferguson; nor was he indeed for Isaacs, who had no title whatever to it.

The land was vacant and subject to pre-emption, and Turner having proved up his pre-emption, his right to

the land could not be defeated by a subsequent location. (Jennings v. De Cordova, 20 Texas, 508; Fowler *et al.* v. Allred *et al.*, 24 Texas, 184; Kohlhass v. Linney, 26 Texas, 332.)

The judgment of the District Court must be reversed and the cause remanded.

REVERSED AND REMANDED.