## C. B. STEWART v. OBED COOK ET AL.

(Case No. 1570.)

1. PETERS' COLONY RESERVATION — LOCATION.— During the continuance of the Peters' colony reservation, a location upon the reserved lands of the colony was absolutely void.

2. SURVEY — LAND CERTIFICATE.— A survey dates from the date of the application of the land certificate to it, for it is by virtue of the certificate alone that the survey receives legal recognition.

3. SAME.— Hence, if at the time of the application of a certificate to a survey, the land was reserved from location by law, the fact that the survey had been made before the passage of the act creating the reservation did not render the location valid, and when the reservation ceased, and the land again became subject to location, no benefit could result from the void location.

4. SAME.— A certificate may be applied to a survey previously made, but the right to the land attaches from the date of the application, and not from the date of the survey.

APPEAL from Parker. Tried below before the Hon. J. A. Carroll.

This was an action of trespass to try title by appellant. There were two patents to the same six hundred and forty acre tract of land; the plaintiff's, issued in January, 1870, by virtue of the Geo. Taylor certificate, and the defendant's in February, 1870, by virtue of the M. Huffman certificate. In 1850 Pleasant Thorpe, the real defendant in this cause, came to this country on a surveying expedition. He surveyed out this tract, it being then in Milam land district. He intended at that time to apply a certificate belonging to his wife, Nancy J. Thorpe (formerly McEwin), to the survey. But when he returned he could not find the certificate. He then applied for a duplicate of the McEwin certificate. When he came to have it issued he found that the certificate had been located in Burleson county. In the mean time two years had passed away. On the 6th of July, 1852, he bought of a man calling himself Charles Rocha, and purporting to act as the agent of the heirs of Geo. Taylor, six hundred and forty acres out of the George Taylor certificate. In a day or two thereafter he applied the certificate to the field notes, and had them returned to the general land office. The survey made by virtue of the George Taylor certificate was made by James Armstrong, the surveyor of Milam land district. Thorpe tried at various times to get a patent on the land, but the matter remained in this condition until 1858. Some time during 1858, Thorpe having become satisfied that his title to the Taylor certificate was a forgery, bought the M. Huffman certificate, and caused a resurvey of

the land to be made by Lewellin Murphy, the then county surveyor of Parker county, abandoning the Taylor claim altogether. Under this last certificate and survey Thorpe and his vendee claimed title. In 1851 one Dugan bought from one Cecilia Rocha and Elizabeth Lumbscomb, who claimed to be the only heirs of Geo. Taylor, the Geo. Taylor certificate, and soon after sold to plaintiff, for whose benefit he really purchased. The same year the plaintiff applied for a duplicate certificate. In 1868 or 1869 plaintiff inserted the duplicate among the papers at Austin in the general land office and obtained a patent on the survey in January, 1870, the defendant obtaining the patent as before stated in February, 1870.

*Watts & Lanham*, for appellant.

*McCall & McCall*, for appellees.

WILLIE, CHIEF JUSTICE.— The land in controversy is situated within the limits of Peters' colony.

It was surveyed by Thorpe, one of the appellees, in 1850 or 1851, at a time when there was no reservation of the colony lands from general location. A certificate was first applied to the survey in July, 1852, after the reservation took effect, and it is under this certificate that appellant claims. In 1858, after the reservation was removed, another certificate — the M. Huffman — was located upon the same land, and under this location the appellees claim title. Patents were issued upon both locations — upon the George Taylor in January, 1870, and upon the M. Huffman in February of the same year.

The question for us to decide is: Which claimant has title to the land?

It is well settled in this court that, during the continuance of the Peters' colony reservation, a location upon the reserved lands was absolutely void. Moreland v. Atchison, 24 Tex., 164; Fowler v. Allred, 24 Tex., 184. And so as to all similar reservations. Kimmell v. Wheeler, 22 Tex., 77; Woods v. Durrett, 28 Tex., 430; Wright v. Hawkins, 28 Tex., 452; Sherwood v. Fleming, 25 Tex. Sup., 408.

This does not seem to be disputed by counsel for appellant, but it is contended that the title of appellant, derived under the application of the Taylor certificate to the survey, begins from the date of the survey made previous to the time the reservation took effect.

The survey was an unofficial act, made without the previous file of any land certificate, Thorpe intending at the time to apply in future to the land surveyed a certificate which he supposed was un-

located, but which in fact had been previously located in another place.

Of course this survey, under the circumstances, had no effect whatever in severing the land from the public domain, or giving any right to it, inchoate or otherwise.

Had the survey been followed by the legal filing of a genuine land certificate, and the proper officer had applied this certificate to the survey, that is, adopted the latter as his survey under the certificate, the location would have been complete and the locator entitled to the patent as in other cases.

The survey, however, could have derived its validity solely from its adoption by the surveyor after the certificate was filed with him. He could just as well have applied any other certificate to the land, as that which the party surveying the land originally intended should cover it, or a certificate belonging to a person not connected with the original survey, if first offered to him for that purpose. It is evident, therefore, that the title in such cases is not affected in any manner, either strengthened or weakened, by the fact that the original survey was made before the file of the certificate. It would date from the application of the certificate, as it is that fact which gives it validity. See Jennings v. De Cordova, 20 Tex., 508.

At the time of the application of the Taylor certificate to the land in controversy — which was in effect the date of its location and survey under that claim — such location and survey was forbidden by law, and absolutely null and void. The owner of the certificate derived no title from the location, and when the reservation ceased to exist the land became part of the public domain and liable to be appropriated under valid certificates from thence down to the time when the Huffman certificate was filed with the surveyor.

This certificate being genuine, and the proceedings for the location and survey of the land being in accordance with law, a patent was properly issued upon it; and as the appellees derive title under these proceedings and this patent, they were entitled to the judgment given them in the court below.

The case of Lake v. Wafer, 16 Tex., 570, cited by appellant's counsel, does not conflict with our views as to the effect of the original survey, but sustains them. The court there held that it is no objection to the validity of a patent that the survey upon which it was issued was made in 1841 without certificate, and applied to the certificate in 1844. We hold, too, that a survey may be made first and the certificate afterwards applied, but it is from the date of the application and not from the date of the survey that the title com-

mences.  The question in the above case was between a person claiming under the patent and one who had not located until after the certificate had been applied to the survey.  The court held the claim under the patent good, neither the opposite party nor any one else having, at the time of the application of the certificate, a claim in equity to the land.  Had a claim in equity arisen prior to the filing of the certificate, it would have prevailed against the patent, although arising subsequent to the original survey.

As the answer of defendant below set up the facts which we have held rendered the appellant's title void, for the purpose of defeating the latter's suit, and as the appellant's amended petition alleged the same facts as constituting his title, there was no error in overruling the demurrer to the answer and sustaining it to the amended petition.

The view we have taken of the appellant's title renders unimportant the ruling of the court below excluding the certified copies of transfers from the general land office.  If admitted, they would have proved only a regular chain of transfer to the appellant of a void title, which would have been of no service to him and could not have affected in the least the decision of the case.

The same may be said of all other rulings of the court below which are assigned as errors.  The one important question before the court was as to the validity of the title under the Taylor certificate, and none of the testimony offered having any tendency to sustain that title, or being important in the cause if it was held void, such evidence was properly excluded by the court.  The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 28, 1884.]