### ELWOOD, ARNETT & ARNETT v. W. N. COPELAND.

Decided May 21, 1910.

**1.—Boundary—Disclaimer—Effect.**

Where, in a boundary case, the defendant files a disclaimer as to all the land sued for unless it be included within the boundaries of a certain tract described and claimed by him, all objections to the evidence of title in the plaintiff to the land sued for become immaterial on appeal; the question becomes one of boundary merely.

**2.—Public Land—Location—Presumption.**

In the absence of evidence to the contrary, it must be presumed that prior to the actual survey of a part of the public domain a formal application for such survey was filed by the locator in the office of the surveyor of the district in which the land was situated.

**3.—Same—Prior Right.**

The filing of a certificate or other evidence of right to a part of the public domain in the office of the surveyor of the district, together with a designation of the land desired and an application for survey of the same, confers a prior right to the land surveyed as against any subsequent conflicting location. The date of the filing of the field notes in the office of the district surveyor is immaterial.

Error from the District Court of Lynn County. Tried below before Hon. L. S. Kinder.

*Geo. L. Beatty* and *H. C. Ferguson,* for plaintiffs in error.

*Spencer & Spencer* and *Theodore Mack,* for defendant in error.

CONNER, CHIEF JUSTICE.—Defendant in error filed this suit on the 25th day of May, 1907, in the usual form of trespass to try title to a parcel of land alleged to be a portion of section 4, block CB, State school lands in Terry County, eight hundred and twenty-six and one-half varas wide, and thirteen hundred and ninety-four varas long. Plaintiffs in error filed a disclaimer to the land sued for unless it was included in the boundaries of section 163, block 12 (adjoining said section 4 on the east), as to which they pleaded not guilty. The trial was before the court without a jury and judgment was rendered for defendant in error for all of the land sued for.

A number of objections were made to the evidence of title in de-

fendant in error to section 4, block CB, and these objections are presented to this court by appropriate assignments of error. Plaintiffs in error also insist that the evidence of title in defendant in error to section 4 as admitted is insufficient to support the judgment. In our view of the case, these questions are rendered entirely immaterial by the disclaimer of plaintiffs in error. It was thereby in effect admitted for the purposes of the suit that the plaintiff was entitled to a judgment to all, or any part of the land sued for, if proved to be a part of section 4, block CB. The material question, therefore, is one of boundary merely, it being substantially undisputed that plaintiffs in error are the owners of section 163, block 12, and that defendant in error is the owner of section 4, block CB. All assignments of error, therefore, of the character indicated will be overruled as immaterial.

The pivotal point upon which the rights of the parties depend is one of priority in location. Section 4 was located by virtue of certificate 968 issued to the E. L. & R. R. R. Co. on the 12th day of December, 1878. The certificate was located and section 4, block CB surveyed, according to its field notes, on December 25, 1878. These field notes were filed and recorded in the office of the district surveyor at Graham, Texas, on April 18, 1879, and in the General Land Office on April 29, 1879. Section 163, block 12, was located by virtue of certificate 687 issued to the same railroad company, the survey being made March 25, 1879. The record fails to show when, if at all, the field notes were filed in the district surveyor's office. They appear, however, to have been filed in the General Land Office October 16, 1879.

It thus appears that the actual survey of section 4 was prior in point of time to that of section 163, and it seems undisputed in the record that the land sued for by defendant in error is included within the boundaries of section 4 as so surveyed, and to this extent that section 163 conflicts with section 4. Plaintiffs in error, however, insist that because the field notes of section 4 had not been actually filed either in the office of the district surveyor or in the General Land Office until after the actual survey of section 163, that the latter survey should be given the preference, the contention being that there was no actual appropriation of the land covered by the field notes of section 4, until such field notes were filed in the office of the district surveyor, but with this contention we are unable to agree.

Article 4130 of the Revised Statutes requires each county, district and deputy surveyor to keep in his office a well bound book as a register of entries in which he shall register all entries or applications for land in his county or district. The next article requires persons desiring to locate and have surveyed scrip or other evidences of right to vacant land to make application therefor to the proper county or district surveyor, as the case may be, in writing, to be dated and signed by the applicant. The article provides that the application shall particularly describe the claim to be surveyed and the land applied for and that the entry or application, together with the land certificate or scrip, or other legal evidences of title to be surveyed, shall be filed in the office of the district or county surveyor in which the land is

situated, where the said claim to be surveyed shall remain until returned, together with the field notes, to the General Land Office. The next article, 4132, requires that the survey shall be made by copy of the entry or application and "strictly in accordance with the same," and that no survey shall be made until after entry or application as provided in the preceding article.

While there is no affirmative evidence that prior to the survey of either of the sections in question formal application therefor was filed in the office of the surveyor of the district in which Terry County was situated, it must be presumed in the absence of evidence to the contrary, that the surveys were made in accordance with these articles of the statute. (Texas & P. Ry. v. Thompson, 65 Texas, 186). So presuming, it must be held that, by the survey of section 4, December 25, 1878, there was at that time an application of all the land surveyed to certificate 968, then on file in the surveyor's office, and that the subsequent survey of 163 to the extent of the conflict was unauthorized. See Smyth v. Saigling, 110 S. W., 550; Stewart v. Cook, 62 Texas, 522. Plaintiffs in error have not shown that the application for the survey of section 162, block 12, was filed in the office of the district surveyor prior to the application for the survey of section 4, and we cannot so presume in their favor, the presumptions now being in aid of, rather than against the judgment.

It follows, that to the extent that section 163 conflicts with section 4, the survey of the former section must fail as being upon land theretofore duly located, and that the judgment of the court below, in favor of defendant in error, must be affirmed.

*Affirmed.*