## SECURITY UNION CASUALTY CO. v. PEER OIL CORPORATION. (No. 1635.)*

Court of Civil Appeals of Texas. Beaumont. Jan. 6, 1928.

**1. Master and servant ⚖⇒416½—Employer had no cause of action for reimbursement of funeral expenses, where appeal from award to beneficiaries was pending (Rev. St. 1925, art. 8306, § 9).**

Where the Industrial Accident Board made award to beneficiaries of deceased employee, and, under Rev. St. 1925, art. 8306, § 9, awarded employer a named sum as reimbursement for funeral expenses, and insurer sued in district court to set award to beneficiaries aside, employer had no cause of action to enforce awards to it for funeral expenses, where appeal from award to beneficiaries was pending and final action therein was had after employer's suit was filed and after judgment therein was entered.

**2. Action ⚖⇒62—Generally, cause of action must exist at time suit is commenced.**

Generally, a cause of action must exist at the time suit is commenced.

**3. Action ⚖⇒62—Suit may not be maintained on obligation for payment of money before it is due and payable.**

Suit may not be maintained on an obligation for the payment of money before it is due and payable according to its terms.

**4. Master and servant ⚖⇒416½—Award reimbursing employer for funeral expenses did not become present demand until final determination by appellate courts that compensation was payable (Rev. St. 1925, art. 8306, § 9).**

Since award to an employer for reimbursement for funeral expenses of an employee is, under Rev. St. 1925, art. 8306, § 9, payable out of compensation payable to beneficiaries, it did not become a present demand until it was finally determined by the appellate courts that compensation was payable.

Appeal from Liberty County Court; C. R. Miller, Judge.

Separate suits by the Peer Oil Corporation against the Security Union Casualty Company. Judgments for plaintiff in the justice court were consolidated for trial on appeal to the county court, and therein affirmed, and defendant appeals. Judgment reversed, and case dismissed.

Fairchild & Redditt, of Lufkin, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellee.

O'QUINN, J. Appellee, Peer Oil Corporation, on November 15, 1926, filed two suits in justice court, precinct No. 1, Liberty county, against appellant, Security Union Casualty Company, to enforce two awards, each in the sum of $100, in its favor against appellant, made by the Industrial Accident Board, which resulted in judgments in its favor, and which judgments were appealed to the county court of Liberty county and there consolidated and tried as one July 25, 1927, resulting in a judgment in favor of appellee against appellant in the sum of $200, the amount sued for, and 12 per cent. damages, $24, and $100 as an attorney's fee. The case is before us for review on appeal.

Briefly stated, the facts out of which the suits grew are:

The Peer Oil Corporation, on March 30, 1926, was an employer of labor and carried a policy of insurance issued by appellant covering its employees under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). On said date a severe windstorm struck the oil field in Liberty county where appellee was operating and blew down numerous oil derricks, killing Jack Kelly and A. P. Brown, two of its employees, who at the time were at labor in the course of their employment. Appellant was duly notified of these accidents and deaths, and denied any liability under its insurance contract. Appellee assumed and paid the funeral expenses in the burial of said two employees, $343 in the case of Kelly, and $376 in the case of Brown.

Mrs. W. T. Kelly, the stepmother of Jack Kelly, and certain other relatives, made claim before the Industrial Accident Board for compensation, and appellee filed its claim for reimbursement for funeral expenses in the statutory sum of $100, and on July 2, 1926, the board, after due notice and hearing, entered its final award in favor of said claim for compensation, and in favor of appellee for the sum of $100 as reimbursement for funeral expenses incurred and paid by it in the burial of Jack Kelly, said award providing that said sum of $100 should be paid to appellee out of the first compensation to accrue and be paid in the compensation award. Appellant, Security Union Casualty Company, gave due notice to Mrs. Kelly and her attorney and to the Industrial Accident Board that it would not abide the award for compensation, and duly filed suit in the district court of Liberty county to set aside said award. No notice of unwillingness to abide the award in favor of appellee for the $100 was given, and appellee was not a party to the suit in the district court. Upon the trial of the case in the district court, judgment

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted by Supreme Court Feb. 8, 1928.

was rendered in favor of Mrs. Kelly and her attorney for the amount of the compensation award, and this judgment was appealed by the Security Union Casualty Company to the Court of Civil Appeals at Beaumont and at the time the instant case was tried was still pending in said appellate court. Later, October 6, 1927, this judgment was affirmed by the Court of Civil Appeals (299 S. W. 286) and is now pending in the Supreme Court on application for writ of error.

The relatives, beneficiaries of A. P. Brown, filed claim for compensation before the Industrial Accident Board, and appellee filed its claim for reimbursement for funeral expenses incurred by it in the burial of said Brown in the statutory sum of $100, and after due notice and hearing the board, on July 2, 1926, entered its final award in favor of claimants for compensation and in favor of appellee for the sum of $100 as reimbursement for said funeral expenses, said award providing that said sum of $100 should be paid out of the first compensation to accrue and be paid on the award for compensation for the injury and death of said Brown. Appellant, Security Union Casualty Company, gave due notice that it would not abide the award for compensation, and duly filed suit in the district court of Liberty county to set aside said award. No notice of appeal was given appellee as to the award for $100, and it was not a party to the suit in the district court. In the trial of the case in the district court, judgment was rendered in favor of said beneficiary claimants and their attorney, on October 20, 1926. Appellant appealed this judgment to the Court of Civil Appeals at Beaumont, where said judgment was affirmed June 18, 1927, and was pending in said appellate court on motion for rehearing at the date of the instant judgment in the county court of Liberty county. We deem it proper to say that both judgments of the Court of Civil Appeals, Kelly and Brown, were carried to the Supreme Court on applications for writs of error by appellant, Security Union Casualty Company, and the application in the Brown Case denied November 30, 1927, and the application in the Kelly Case is still pending.

[1] The judgment will have to be reversed and the case dismissed, for the reason that at the time this suit was instituted and at the time the judgment was rendered appellee's cause of action had not matured. The award of the Industrial Board was in accordance with article 8306, § 9, Revised Civil Statutes 1925, which provides:

" * * * Where any deceased employé leaves legal beneficiaries, but is buried at the expense of his employer or any other person, the expense of such burial, not to exceed $100, shall be payable out of the compensation due the beneficiary or beneficiaries of such deceased employé, subject to the approval of the board."

Each of the deceased employees left legal beneficiaries, but each of them was buried at the expense of his employer, appellee. There is no contention as to any of the facts. The question is, Did appellee, at the time it filed this suit to enforce the award in its favor and at the time the judgment appealed from was rendered, have an enforceable cause of action? We think not. The law (article 8306, § 9) above quoted, authorizes an award in favor of the employer who buried his deceased employee in the sum of $100, but it also provides that this shall be paid out of the compensation to accrue and be paid under the award for compensation. Appellant denied any liability under its contract of insurance, and, as the law gave it a right to do, resisted in the proper time and manner all claims for compensation in the premises. No compensation legally accrued and became payable until the award and judgment allowing same had been approved by the appellate courts to which appellant took its appeal. The final action of these courts was had after the filing of appellee's suits and after the judgment in its favor.

[2, 3] The rule is well settled that, generally, a cause of action must exist at the time suit is commenced. Suit may not be maintained on an obligation for the payment of money before it is due and payable according to its terms. Insurance Co. v. English, 96 Tex. 268, 273, 72 S. W. 58; Moreland v. Atchison, 24 Tex. 164, 168; 1 R. C. L. § 21, p. 340.

But appellee insists that, as appellant in the Kelly and Brown suits did not give notice that it would not abide the award in favor of appellee and did not make appellee a party to the suit in the district court of Liberty county to set said awards aside, therefore, the awards as to it were not appealed from and became final and subject to suit for enforcement. We cannot agree with this contention. The awards in favor of appellee were made payable out of the compensation to accrue and be paid to the claimants for compensation in the said suits, and appellant in the time and manner provided by law gave notice to compensation claimants in said suits that it would not abide the awards, and filed suit to set same aside, and then carried the cases step by step, in the manner required by law, to the appellate courts, so that neither of said awards or judgments became final and subject to enforcement until after the appellate courts had finally approved same. This approval, as before stated, was after the filing of the instant suit and after the rendition of the judgment here appealed from. As the payment of appellee's award depended upon the accrual and payment of the compensation in controversy in said suits, and as compensation did not accrue and become payable until after the bringing of the instant suit

and judgment therein, hence appellee's suit was prematurely brought and could not be maintained.

[4] But appellee further insists that it was in no sense a privy to the beneficiaries and would not be bound by any adverse judgment to them in the pending appeals from the compensation awards, and that, therefore, the award to it was final and binding, and its rights could in no manner be affected by the pending appeals. This contention is not sound. The basis upon which appellee's right to an award rested was the right of compensation in the claimants for compensation. If no compensation under the law existed, then no right to appellee for reimbursement for burial expenses existed. By the very terms of the law, the $100 allowed by the award for burial expenses depended for payment upon and could be paid only in the event compensation was recoverable, and then out of said compensation. This being true, the award of appellee was conditioned, as provided by law to be paid out of the compensation, and did not become a present demand until it was finally determined by the appellate courts that compensation should be paid.

Appellee also insists that appellant would be liable for the award for burial expenses, whether the deceased employees left legal beneficiaries or not, for the reason, it says, that the first paragraph of article 8306, § 9, supra, provides that, if the deceased employee leaves no legal beneficiaries, the association shall pay all expenses incident to his last sickness as a result of the injury, and in addition a funeral benefit not to exceed $100. So, appellee says, that in either case the insurer would be liable for the funeral benefit to the party paying same. The first paragraph of article 8306, § 9, referred to by appellee has no application to the facts of the instant case. It simply places the burden of meeting the expenses of the last sickness of the deceased employee and a funeral benefit of $100 as the measure of the insurer's liability where there are no beneficiaries to claim compensation, and hence no compensation to be paid. The second paragraph provides that, where the deceased leaves legal beneficiaries, but is buried by others, then the funeral allowance to be paid shall nevertheless be paid, but that the payment shall be out of or deducted from the compensation to be paid. In the first instance, under the law, the funeral expenses to the amount provided shall be paid, but no compensation; while in the second, it provides the funeral expenses shall be paid, but paid out of the compensation. The conditions are wholly different—in one the payment is without condition as to compensation (but in a measure takes the place of compensation), while in the other payment is wholly conditioned on the payment of compensation.

From what we have said it follows that the judgment must be reversed, and the case dismissed, which is accordingly done.

Reversed and dismissed.