**COMMERCIAL STANDARD INS. CO. v. KING & CO.**

No. 8280.

Court of Civil Appeals of Texas. Austin.
July 15, 1936.

White, Taylor & Gardner, of Austin, for appellant.

J. W. Wheeler, of Austin, for appellee.

McCLENDON, Chief Justice.

This is a workman's compensation case. The appeal is by the insurance carrier from a judgment in favor of appellee (an undertaker) for expenses of burial of a deceased employee of the insured.

The facts are without substantial dispute. Appellant denied liability to the legal beneficiaries of deceased, on the ground that the death of the latter was not the result of an injury received in the course of his employment. Compromise settlements were made by appellant with the beneficiaries in amounts aggregating $550. The settlement instruments, expressly denying liability on appellant's part, were approved by the Industrial Accident Board. Appellant had knowledge at the time it made these settlements that the putative wife of deceased had contracted with appellee for the burial; and the settlement was consummated without any knowledge or notice on the part of appellee, or the putative wife, that such settlements were made or in contemplation. While having no bearing upon the case, we think it proper to state that the putative wife had married deceased some years prior to his death, in the belief that divorce proceeding between him and his former lawful wife had resulted in a judgment for divorce; and she was not cognizant of the fact that no divorce decree had been rendered until after the settlements were made with the legal beneficiaries.

After the settlements were consummated and as soon as appellee was apprised of

them, he filed his claim ($230) with the Industrial Accident Board; and after notice and hearing the board approved the claim in full. Appellant seasonably instituted this proceeding in the nature of an appeal from the award, with the above-noted result.

Upon the trial, appellee offered no proof tending to show the manner in which deceased met his death, or that it was the result of an injury received in the course of his employment. Appellant, on the other hand, introduced the testimony of a physician to the effect that he examined the body after death, and in his opinion death resulted from one of two probable causes having no relation to the employment of deceased, and not from any injury received in the course of his employment. The appeal presents but one question; namely, whether, in view of the compromise settlements, it was incumbent upon appellee to show that deceased's death was the result of an injury received in the course of his· employment.

We have reached the conclusion that this question must be answered in the affirmative. ·It is governed by R.C.S. art. 8306, § 9, as amended by chapter 178, p. 303, Gen.Laws Reg.Sess. 42d Leg.(1931), Vernon's Ann.Civ.St. art. 8306, § 9, which reads:

"If the deceased employee leaves no legal beneficiaries, the Association shall pay all expenses incident to his last sickness as a result of the injury and in addition a funeral benefit not to exceed $250.00.

"Where any deceased employee leaves legal beneficiaries, but is buried at the expense of his employer or any other person, the expense of such burial, not to exceed $250.00, shall be payable out of the compensation due the beneficiary or beneficiaries of such deceased employee, subject to the approval of the Board."

It is the contention of appellee: (1) The amount of the agreed settlements was "compensation due the beneficiary or beneficiaries of such deceased employee"; and therefore appellant became liable to appellee for the burial expenses upon approval of the settlement agreements by the ˙ Industrial Accident Board; and (2) under a proper construction of section 9 of article 8306, the insurance carrier is liable for burial expenses of a deceased employee, regardless of whether the latter's death was the result of an injury received in the course of his employment.

■ Considering the latter question first, we think the statute is clear, in any event in case the deceased employee leaves legal beneficiaries, in imposing liability for burial expenses only when there is "compensation due the beneficiary or beneficiaries of such deceased employee"; and where no such compensation is due there is no liability. This was the express holding in Security Union Cas. Co. v. Peer Oil Corp. (Tex.Civ.App.) 1 S.W.(2d) 1112.

■ While the question is not essential to this appeal, we think the first paragraph of section 9, construed in the light of the succeeding paragraph and other provisions of the Workman's Compensation Law, limits liability for burial expenses to cases in which liability would exist in favor of beneficiaries, if there were such. We do not think the provision can fairly be construed as making the insurance carrier liable generally for burial expenses of an employee covered by the policy, regardless of whether death resulted from an injury received in the course of the deceased employee's employment. If such had been the legislative intent as regards cases where there were no dependents, and no liability otherwise under the policies, we do not believe the Legislature, in cases where there were dependents, would have required the burial expenses to be deducted from their compensation. Nor· do we believe it would have denied liability for burial expenses in such cases, where no liability to dependents existed under the policy. The main ultimate objective of the Workman's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) is to provide (in lieu of common-law liability) certain and absolute compensation or benefits to employees or their dependents, in ·cases where such employees have received injuries in the course of their employment resulting in disability or death. And the sole purpose of section 9 is to make the burial expenses of the deceased employee·a first charge against the proceeds of the insurance arising from liability under the policy, ·in like manner as our administration laws make such expenses a first charge against the estate of the deceased. Providing decent sepulture for deceased employees, generally, however laudable an objective, is not within the purview of the law.

■ It follows that to support a judgment for burial expenses it is necessary to show as an essential element of recovery that the deceased employee met his death as the result of an injury received in the

course of his employment. It may be conceded that proof thereof is dispensed with where the insurance carrier admits liability under the policy. A compromise settlement, however, in which the carrier expressly denies liability under the policy cannot, we think, in any proper sense be regarded either as such admission or as an adjudication or finding by the Industrial Accident Board that such liability exists. "The issue thus drawn [liability vel non] was not determined by the board." Lumbermen's R. Ass'n v. Day (Tex.Com.App.) 17 S.W.(2d) 1043, 1044. The action of the board in approving the settlement in such case is nothing more than a finding that under all the circumstances the settlement is not unreasonable or unjust to the beneficiaries.

We have no doubt of the power of the board in a case of this character to pass upon the reasonableness of the amount of the burial expense bill. The insurance carrier cannot relieve itself of liability by making settlement with the beneficiaries; especially so, when it has knowledge or notice that there is a claim for burial expenses, and the board's approval of the settlement is made ex parte and without notice in so far .as the undertaker is concerned. The situation of the undertaker in such case is analogous to that of a beneficiary who has been ignored in a settlement with other beneficiaries.

Appellee urges that the undertaker is at a disadvantage in making proof of liability under the policy; and therefore it is unjust to require him to make such proof where settlement, collusive in its nature, has been made with the beneficiaries. There is no merit, we think, in this contention. This is a risk which the undertaker assumes in performing the service. Clearly he would be at the same disadvantage in case the beneficiaries should not choose to file a claim with the board, and no settlement were made. He would be in a like situation in case there were no beneficiary. No legal right of his is affected by a purchase of its peace with the beneficiaries by the insurance carrier, a right always open to the latter with the approval of the board. The undertaker is not bound by such settlement. The insurance carrier, on the other hand, is not rendered liable to him thereby.

The trial court's judgment is reversed, and the cause is remanded.

Reversed and remanded.