**TEXAS EMPLOYERS' INS. ASS'N v. McDONNELL et ux. (No. 30.)**

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

**1. Master and servant ⬦388—Compensation for death held vested interest passing under will of beneficiary.**

Compensation for death under Workmen's Compensation Act, pt. 1, § 8a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), *held* to have vested in dependent surviving father and mother at time of death, and one-half interest of father who had died before determination of suit would pass according to terms of his will.

**2. Master and servant ⬦388—Compensation for death vested interest passing by dependent parent's will to exclusion of brothers and sisters of deceased.**

Where father and mother received partial support from deceased during life, and father had died pending the outcome of compensation claim, leaving will with mother as sole beneficiary, *held*, that rights of parents vested immediately upon son's death; mother being entitled to all rights and benefits under policy, and

brothers and sisters of deceased living at home of parents having no interest were not necessary parties to suit.

**3. Master and servant ⬦388—Charge defining "dependency" held correct.**

Charge defining "dependency" as not whether beneficiary could support life without contributions, but whether he depended upon such contributions as part of his income or means of living, *held* proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependency.]

**4. Master and servant ⬦388—Charge defining dependent held properly refused.**

Charge that "dependent" is one who is sustained by another, who relies upon another for support or livelihood or reasonable necessaries consistent with dependent's position in life, *held* properly refused.

**5. Master and servant ⬦388—Charge on dependency held properly refused.**

Charge that mere fact that parent receives money from son and expends it is insufficient to establish dependency *held* properly refused.

**6. Master and servant ⬦388—Charge on test of dependency held properly refused.**

Charge that test of dependency is whether contributions made by deceased were necessary and needed to maintain and support claimants and to furnish them with means of livelihood *held* properly refused.

**7. Master and servant ⬦405(5)—Testimony held to sustain finding of dependency.**

Testimony *held* sufficient to sustain finding of dependency of father and mother of deceased.

**8. Master and servant ⬦388—Contributions from son held used for necessities.**

Contributions from son used by parents for paying taxes, premiums on life and fire insurance, and interest on debt against home, *held* to be used for purposes coming within rule of necessities.

**9. Master and servant ⬦388—Refusal of charge on contributions by son to dependent father held proper.**

In suit to set aside award to parents for death of son, where evidence sustained verdict of contributions by son and finding of dependency, refusal to give charge that use of contributions for paying taxes, premiums on life and fire insurance, and interest on debts of father would not make father dependent within meaning of term as used in Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), *held* proper.

**10. Master and servant ⬦404—Evidence as to contributions held proper on issue of dependency.**

In suit to set aside award to dependent parents of deceased son, deposition of mother as to use of contributions for payment of taxes and insurance on home *held* properly read on issue of dependency.

---

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by the Texas Employers' Insurance Association against James E. McDonnell and wife to set aside an award of the Industrial Accident Board awarding compensation under the Employers' Liability Act to defendants for death of James A. McDonnell. From a judgment for defendants, plaintiff appeals Affirmed.

Harry P. Lawther, of Dallas, for appellant.

B. W. Patterson, of Cisco, for appellees.

RIDGELL, J. We adopt the statement of the nature and result of the suit as made by appellant in his brief:

"Appellant brought this suit in the court below to set aside an award of the Industrial Accident Board which had awarded compensation under the Employers' Liability Act to James E. McDonnell and his wife, Elizabeth J. McDonnell, residents of the county of Bronx, state of New York, holding them to be the dependent parents of James A. McDonnell who met his death while in the employment of the Humble Oil & Refining Company at Eastland, Tex., September 12, 1920.

"By second amended original answer, Elizabeth J. McDonnell set up that since the filing of the suit her husband, James E. McDonnell, had died testate, and that under the terms of his will, which had been duly probated in said county of Bronx, state of New York, and also by the county court of Eastland county, she had been named sole beneficiary and executrix of the estate of the said James E. McDonnell. Individually, claiming to be the dependent mother of the deceased, James A. McDonnell, she sought recovery of one-half of the compensation allowed a beneficiary where the injury resulted in death under the provisions of the Workmen's Compensation Act, and as executrix under the will of James E. McDonnell she sought recovery of the remaining one-half of said compensation, claiming the latter to have been the dependent father of the deceased James A. McDonnell.

"By supplemental petition appellant pleaded: (1) General demurrer and special demurrer to so much of second amended petition as sought recovery for the compensation claimed by Elizabeth J. McDonnell as executrix of her deceased husband upon the ground that the same had lapsed on the death of the said James E. McDonnell; (2) plea in abatement for the nonjoinder of the brothers and sisters of the deceased, James A. McDonnell, upon the ground that if the share claimed in right of James E. McDonnell had not lapsed on his death, then, under the terms of the act, if dependency existed at all, upon the death of James E. McDonnell said brothers and sisters would be entitled to one-half the compensation accruing between the death of James E. McDonnell and the end of the compensation period.

"The trial court overruled appellant's demurrers and plea in abatement, and the case was tried to a jury in Eastland county district court, October 14, 1924; the court submitting only one special issue—that upon the question of dependency.

"Upon the affirmative answer of the jury to the aforesaid special issue, the court rendered judgment in favor of appellee individually and as executrix of the estate of James E. McDonnell, deceased, in equal portions for the sum of $15 per week for 360 weeks beginning September 12, 1920, with legal interest; and in favor of B. W. Patterson and Dean Sherry, attorneys, for one-third of said amount."

Appellant filed his motion for new trial, which was overruled by the court, and same is now properly before this court for review.

The first assignment of error made by appellant is as follows:

"If there were any dependency in the case (which appellant denies), the same extended to the brothers and sisters of the deceased; and, upon the death of the father, James E. McDonnell, if his share did not lapse, said brothers and sisters were entitled to one-half of the compensation accruing between the death of the father and the termination of the compensation period; and the trial court erred in overruling appellant's plea in abatement for nonjoinder of said brothers and sisters.

"The test of dependency, as used, is where the alleged beneficiaries (defendants herein) relied in whole or in part upon the labors of the deceased for support; not whether the defendants could support life without the services or contributions of the deceased, but whether they depended upon them as a part of the income or means of living."

The testimony of Elizabeth J. McDonnell is as follows:

"At the time of my son's death, there were living with my husband and myself the following members of our family: Rosalie McDonnell, age 24, a sister of deceased; Marie McDonnell, age 19, a sister of deceased; Margaret McDonnell, age 16, a sister; Joseph McDonnell, age 14, a brother of deceased. No property was owned by any of the aforementioned children. None of said children had any income except Rosalie McDonnell, who had an income of $60 per month. The members of our family living with us at the time of my son's death were being supported by my husband from the salary which he earned as a salesman; from the income derived from the rent of a portion of the house which we occupied and from moneys received from the said James A. McDonnell, the deceased son, prior to his death. * * * During the lifetime of my son, James A. McDonnell, he contributed to the support of myself and our family as follows: During the recent war in Europe he enlisted in the United States Army, and during his service therein made an allotment of $10 per month from his salary payable to me, and also carried war risk insurance in my favor. After being discharged from the Army, he went to Texas and went to work. During the last six to nine months of his life made a monthly contribution of $50 per month, which he sent to my husband, who was then alive, to be used to assist in the support and maintenance of myself and husband and the younger children, and, in addition, from time to time would send smaller sums of money to me and to his young brothers and sisters who were residing with us, the exact amount of which it

is impossible for me to remember at this time. At the time of my son's death, my husband's health was not good, as he was then suffering from heart trouble, from which he subsequently died. At the time of his death, the said James A. McDonnell, my son, was 22 years of age and single. My husband, James E. McDonnell, died September 5, 1922, in the city of Poughkeepsie, county of Duchess, state of New York."

Section 8, pt. 1, of the act (article 5246—14, Vernon's Ann. Civ. St. Supp. 1918) provides:

"If death should result from the injury, the association hereinafter created shall pay the legal beneficiaries of the deceased employee a weekly payment equal to sixty per cent. of his average weekly wages, but not more than $15.00 nor less than $5.00 a week, for a period of three hundred and sixty weeks from the date of the injury."

Section 8a, pt. 1, of the act (article 5246—15, Vernon's Ann. Civ. St. Supp. 1918), reads as follows:

"The compensation provided for in the foregoing section of this act shall be for the sole and exclusive benefit of the surviving husband who had not for good cause and for a period of three years prior thereto abandoned his wife at the time of the injury, the wife who has not at the time of the injury without good cause and for a period of three years prior thereto abandoned her husband and the minor children, without regard to the question of dependency, dependent parents and dependent grandparents and dependent step mothers and dependent children or dependent brothers and sisters of the deceased employés, and the amount recovered thereunder shall not be liable for the debts of the deceased nor for the debts of the beneficiary or beneficiaries, and shall be distributed among such beneficiaries as may be entitled to same as hereinbefore provided according to the laws of descent and distribution of this state; and provided such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of the state, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. And the compensation provided for in this act shall be paid weekly to the beneficiaries herein named and specified, subject to the other provisions of this Act."

[1, 2] Under the decisions of our courts, at the death of James A. McDonnell the compensation herein was vested in his surviving father and mother, and when James E. McDonnell died, his one-half interest in the compensation, including that which had matured at the time of his death, as well as that yet to mature during the compensation period, being vested upon his death, his interest passed by his will to appellee, as executrix of the estate.

In the case of Moore et al. v. Lumbermen's Reciprocal Association (Tex. Com. App.) 258 S. W. 1051, it is held that—

"Under Employers' Liability Act * * * beneficiary's right to compensation for death of an employee, which is payable independently of the question of dependency, is a vested right which the statutes vest in the beneficiaries named, and is a right transmissible to the heirs of the beneficiary, which right may be administered upon as part of the beneficiary's estate."

It follows under the facts in this case that the right of James E. McDonnell was a vested one, and by his death and will the appellee was entitled to all the rights and benefits under the policy, and the brothers and sisters of James A. McDonnell having no interest under the law and facts were not necessary parties to this suit.

The appellant ably and strenuously insists that the rights of the parties were not vested, but in view of the plain holding of our courts in the cases cited, the rule is different and the law requires that said assignment be overruled.

The second assignment of error complains of the following charge of the court:

"The test of dependency, as used, is where the alleged beneficiaries (defendants herein) relied in whole or in part upon the labors of the deceased for support; not whether the defendants could support life without the services or contributions of the deceased, but whether they depended upon them as a part of the income or means of living."

[3] The charge of the court defining "dependency" follows the approval of similar charges by our courts, and the test approved by the courts of this state is, not whether a beneficiary could support life without contributions, but whether he depended upon such contributions as a part of his income of means of living. Bradbury, Workmen's Compensation (3d Ed.) 743; Southern Surety Co. v. Hibbs (Tex. Civ. App.) 221 S. W. 303; Texas Emp. Ins. Ass'n v. Peterson (Tex. Civ. App.) 251 S. W. 572.

[4-6] The appellant assigns error in the court refusing three special charges which all relate to the question of dependency and were as follows:

Special charge No. 1: "A 'dependent' is one who is sustained by another; who relies upon another for support or livelihood or for the reasonable necessaries consistent with the dependent's position in life."

Special charge No. 2: "The mere fact that a parent receives money from a son and expends it is insufficient to establish dependency."

Special charge No. 3: "The test of dependency is whether the contributions made by the deceased to the claimants were necessary and needed to maintain and support them and to furnish them with means of livelihood."

The court having defined "dependency" and given the test approved by the courts of this state, we think that appellant received all that he was entitled to under the facts.

In the case of Texas Employers' Insurance Association v. Peterson, supra, the same appellant here complained of error in

the court refusing a special charge similar to the special charge No. 2 herein, and the court in that case overruled the assignment, the court stating "a similar special charge was considered in Lumbermen's Reciprocal Ass'n v. Warner [245 S. W. 664]" and "it was held by the Supreme Court that it was not error to refuse such a charge." In the case of Texas Employers' Ins. Ass'n v. Peterson, error was assigned in the court refusing a special charge similar to special charge No. 3 requested in this case, and in overruling the assignment in that case the court says:

"We think the court's first special issue submitted one of fact, and that the special issue requested by defendant merely called for a finding upon an evidentiary fact instead of the ultimate fact. Miller's Indemnity Underwriters v. Green [Tex. Civ. App.] 237 S. W. 979."

The courts of our state having expressly overruled assignment of errors complaining of similar charges to the three requested by appellant herein, and following the decisions, we overrule the assignments complaining of refusal to give the three special charges.

The appellant complains of error in refusal of the court to give his special charge No. 4, which is as follows:

"You are instructed that the use of contribution made to his father for the purpose of paying taxes, premiums on life insurance and fire insurance, and interest on debts due by the father, would not make such father a dependent within the meaning of that term as used in the Workmen's Compensation Act."

Mrs. McDonnell testified that at the time of the death of her son they owned a home in New York City of the assessed valuation of $8,000 upon which there was an incumbrance of $5,000 bearing interest at 6 per cent. per annum. She listed the annual expense of the family and annual income of the family as follows:

### Annual Expense.

| | |
|---|---|
| Ice, groceries, meats and other provisions.. | $1,020 00 |
| Coal, gas and other fuel and lighting expenses | 325 00 |
| Clothing and wearing apparel | 350 00 |
| Other household expenses of schooling of the three youngest children | 360 00 |
| Taxes and insurance on home and household goods | 486 00 |
| Premiums on life insurance | 181 00 |
| Interest on mortgage against home | 300 00 |
| Traveling and other business expense of James E. McDonnell | 600 00 |
| Total annual expenses and liabilities.. | $3,622 00 |

### Annual Income.

| | |
|---|---|
| Rental from portion of home | $ 720 00 |
| Salary of husband | 2,688 00 |
| Yearly contribution from son, James A. McDonnell | 600 00 |
| Total annual income | $4,008 00 |

She further testified that during the recent war in Europe her son enlisted in the army, and during his service therein made an allotment of $10 per month from his salary and also carried war risk insurance in her favor. After being discharged from the army, he went to Texas to work, and during the last months of his life made monthly contributions of $50 per month which he sent to "my husband to be used to assist in the support and maintenance of myself, husband. and the children, and in addition would send small sums of money to his younger brothers and sisters who were residing with us."

[7] Under the facts in this case, there is abundance of testimony to sustain dependency. As stated in the case of Lumbermen's Reciprocal Association v. Warner by Commission of Appeals, the rule announced as follows:

"It is an accepted rule in compensation cases that partial dependency may exist although the alleged dependent could have existed without the labor of employee or is not without the necessities of life."

The test is: "Was the alleged beneficiary relying in whole or in part upon the labors of deceased for support?"

The jury in this case found that there was dependency contribution by the son, and same was relied upon by appellee. Jones et al. v. Texas Employers' Insurance Association (Tex. Civ. App.) 268 S. W. 1004; Southern Surety Co. v. Weaver et al. (Tex. Civ. App.) 260 S. W. 622, and Id. (Tex. Com. App.) 273 S. W. 838.

[8] We further believe that contributions used for paying taxes, premiums on life and fire insurance, and interest on debts against the home would be for purposes used coming within the rule of necessities. It would be as much a necessity to pay taxes and premiums on life and fire insurance in order thus to prevent the loss of the home by sale for taxes or to secure the home by insurance, and pay interest on a lien against the home to prevent its loss by foreclosure, as it would be to use funds to repair the roof to keep out the rain or to buy fuel to keep the body warm.

[9] It is held in the case of Jones et al. v. Texas Employers' Insurance Association, that a contribution towards the purchase of a home for parents was reasonably necessary for their support, and did not show that parents were not dependent. With the evidence sustaining the verdict of the jury of contributions by the son and a finding of dependency, the court did not err in refusing said special charge No. 4.

[10] The assignment complaining error in permitting the defendants to read in evidence that portion of the deposition of Mrs. McDonnell wherein she testified as to the taxes and insurance on home, premiums on life insurance, interest on mortgage on home, and expenses of James E. McDonnell, is also overruled, for the reason that same was proper matter under the circumstances on

the issue of dependency; there being sufficient evidence aside from this to support the verdict of the jury.

We have discussed this case in greater detail than is really necessary, for most, if not all, of the errors complained of have heretofore been settled adversely to appellant, and only in view of the sincere insistance of appellant's attorney we were constrained to review the authorities sustaining us in overruling all the assignments.

We believe, under the liberal construction given by our court to our act and that given to similar acts in other states, that the evidence strongly supports dependency; that under the law appellant had a fair, impartial submission of the issue; and finding no reversible error, the judgment of the trial court will be affirmed.