## SECURITY UNION CASUALTY CO. v. KELLY et al. (No. 1586.)

Court of Civil Appeals of Texas. Beaumont. Oct. 6, 1927.

Rehearing Denied Nov. 2, 1927.

1. **Master and servant** ⚖⟶388—**Nondependent stepmother of unmarried workman not of her household held entitled to one-half total compensation, notwithstanding minor brothers and sisters survived (Workmen's Compensation Act, pt. 1, § 8a).**

Stepmother *held* entitled to one-half of total compensation for death of unmarried stepson, under Workmen's Compensation Act, pt. 1, § 8a (Rev. St. 1925, art. 8306, § 8a), where stepson's father and mother had previously died, though stepson was not member of stepmother's household, though she was not dependent on him, and though minor brothers and sisters surviving deceased claimed to be dependent on him.

---

**2. Master and servant ⬅➡388—Stepmother of workman is entitled to compensation which mother would receive if living (Workmen's Compensation Act, pt. 1, § 8a).**

Under Workmen's Compensation Act, pt. 1, § 8a (Rev. St. 1925, art. 8306, § 8a), providing that minor children, parents, and stepmother of workman shall receive compensation payable, stepmother stands in place of mother and is entitled to receive that portion of compensation which mother would receive if living.

**3. Master and servant ⬅➡388—Stepmother's recovery of compensation in lump sum for death of unmarried workman held not precluded by nondependency and residence in different household (Workmen's Compensation Act, pt. 1, § 8a).**

Fact that stepson had not been member of stepmother's household for over 5 years prior to his death and that she was not dependent on him for support, *held* not to prevent stepmother's recovery of compensation in lump sum on stepson's death, under Workmen's Compensation Act, pt. 1, § 8a (Rev. St. 1925, art. 8306, § 8a), where stepson was unmarried and father and mother were dead, though minor brothers and sisters of stepson survived.

**4. Master and servant ⬅➡386(4)—Right of nondependent stepmother to compensation in lump sum for workman's death held question of fact for jury (Rev. St. 1925, art. 8306, § 8a).**

In action to set aside award of compensation, question of right of stepmother to recover compensation in lump sum, under Rev. St. 1925, art. 8306, § 8a, for death of unmarried stepson leaving neither father nor mother, *held* for jury, though stepmother was not dependent and minor brothers and sisters survived.

**5. Master and servant ⬅➡373—Act of God held no defense to compensation claim, where course of employment subjected deceased workman to increased hazard (Workmen's Compensation Act).**

In action to set aside award of Industrial Accident Board, under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), liability of employer to pay compensation *held* not avoided by fact that death arose from act of God, where deceased was at the time of his death engaged in discharge of his duties in course of his employment which subjected him to greater hazard than ordinarily applied.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Suit by the Security Union Casualty Company against Mrs. W. T. Kelly and others to set aside an award of the Industrial Accident Board, in which defendant named interposed a cross-action. Judgment for defendants, and plaintiff appeals. Affirmed.

Fairchild & Redditt, of Lufkin, for appellant.

E. B. Pickett, Jr., of Liberty, for appellees.

O'QUINN, J. This is a suit by appellant against appellees to set aside an award of the Industrial Accident Board. The case was submitted to the jury upon special issues, which were answered in favor of appellees, and judgment was accordingly.

The facts are without dispute. Jack Kelly, deceased, was the stepson of Mrs. W. T. Kelly. He was 28 years old, unmarried, and was killed on March 30, 1926, while engaged in the work which he was required to perform as an employee of the Peer Oil Corporation, near Liberty, Tex., by being caught under and crushed by a falling derrick which was blown down by a severe windstorm. The Peer Oil Corporation was a subscriber under the Workmen's Compensation Act, carrying its policy of insurance with appellant. The father and mother of Jack Kelly both died years before his death, but he left surviving him three brothers, two married sisters, and one unmarried sister, and two half-brothers and one half-sister, the half-brothers and half-sister being the children of Mrs. Kelly. The Industrial Accident Board awarded Mrs. Kelly, the stepmother, the entire compensation to which the legal beneficiaries of Jack Kelly, deceased, were entitled.

In answer, by way of cross-action, to appellant's suit to set aside the award, Mrs. Kelly alleged that she was the stepmother of deceased; that deceased's father and mother were dead; that he left no dependent brother or sister; and that, therefore, she was the sole beneficiary entitled to compensation. In the trial, it was shown that deceased left a sister, Miss Fannie Kelly, 20 years of age, that was dependent upon him, and a half-sister, Mary Belle Kelly, 15 years of age, and two half-brothers, Artie Lee, 13 years old, and Mike Kelly, 11 years old, that were dependent upon him for support.

Only two special issues were submitted to the jury, in answer to which they found that deceased at the time of his death, was engaged in the performance of duties that subjected him to greater hazard from the act of God, which caused his injury and death, than was the general public, and that it would be a manifest hardship and injustice to deny Mrs. Kelly the payment of a lump sum in settlement of the compensation to which she was entitled. On the findings of the jury, the court found that appellee Mrs. Kelly was entitled to recover of appellant the sum of $3,128.32, for which judgment was rendered in her favor, less the sum of $469.24, which the court fixed and allowed as attorney's fees. The said sum of $3,128.-32 is one-half of the total compensation to which the legal beneficiaries of Jack Kelly, deceased, were entitled under the law.

[1, 2] By its first proposition, appellant contends that:

"A stepmother is not entitled to recover compensation under the Employers' Liability Act of the state of Texas for the death of a step-

son, when said stepson was not a member of her household, and she was not dependent upon him for support,. and said stepson left surviving him minor brothers and sisters alleged to have been dependent upon him for support."

This proposition is overruled. The original Compensation Act named no particular persons as beneficiaries, the statute simply providing:

"That the compensation provided for shall be distributed according to the law providing for the distribution of other property of deceased." Article 5246kk, Vernon's Sayles' Civil Statutes 1914.

This law was amended by the Act of March 28, 1917, wherein it was provided that the compensation payable under the law—

"shall be for the sole and exclusive benefit of * * * the wife * * * and the minor children, without regard to the question of dependency, dependent parents and dependent grandparents and dependent stepmothers and dependent children or dependent brothers and sisters of the deceased employé." Article 5246—15, Vernon's Complete Texas Statutes 1920.

The law so remained until it was amended again in 1923, and by this amendment, which is still the law, it was provided that the compensation payable under this act shall be for the sole and exclusive benefit of the surviving wife—

"and * * * the minor children, párents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé." Section 8a, art. 8306, Revised Civil Statutes 1925.

It is seen that under the Act of 1917, which was the act that first named the stepmother as a beneficiary, it was necessary to show that the stepmother was dependent upon the stepchild for support in order to entitle her to any compensation. By the express terms of the present law (section 8a, art. 8306, Revised Civil Statutes 1925) she is not only designated as a beneficiary, but entitled to recover as such without regard to the question of dependency. While the statute provides that the compensation to be paid must be distributed among the beneficiaries according to the law of descent and distribution, it also designates the stepmother as a beneficiary entitled to compensation, and this without regard to her dependency, nor does the statute limit her right to compensation by any provision that compensation shall be paid to her only when there is no other living beneficiary entitled thereto. To the contrary, the statute, in designating the stepmother as a beneficiary, places her in the same class as the surviving husband or wife, parents, and minor children, in that neither one of said beneficiaries is required to prove dependency. The deceased left surviving him neither wife, father, mother, nor children. So

the stepmother stands in the place of the mother, and is entitled to that portion of the compensation that the mother would receive, if living, and this can be readily determined by the statute of descent and distribution. We think this was unquestionably the intent of the Legislature when they enacted the law designating the stepmother as a beneficiary in the class with the surviving husband and wife and parents. To hold otherwise would be to, by judicial construction, erase the word "stepmother" out of the law designating who are beneficiaries. This being true, she was entitled to one-half of the compensation, and there was no error in the court so adjudging. Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756; Southern Surety Co. v. Weaver (Tex. Civ. App.) 260 S. W. 622; Id. (Tex. Com. App.) 273 S. W. 838.

[3, 4] Appellant's second proposition asserts that a stepmother is not entitled to recover compensation in a lump sum for the death of a stepson, when said stepson had not been a member of her household for over 5 years prior to his death, and she was not dependent upon him for support.

This contention cannot be sustained. The law does not require that a stepchild must be a member of the stepmother's household, nor does it require that the stepmother be dependent upon the stepchild before she can be a beneficiary and receive compensation. Her right to a lump sum settlement is the same as any other beneficiary, and is controlled by the same facts and circumstances authorizing such settlement. The two facts offered by appellant as necessary for sustaining its proposition are wholly apart from the question. The question as to whether the compensation to which appellees were entitled should be paid in a lump sum was one of fact raised by the pleadings and the evidence, and the special issue submitting that issue to the jury was answered favorably to appellees. We think the evidence is sufficient to support the verdict, and the assignment is overruled.

[5] Appellant's third proposition is:

"The beneficiaries of deceased employee are not entitled to recover compensation under the Employers' Liability Act of the state of Texas, when the undisputed evidence shows that the injuries received resulting in death, due to an act of God, and at the time said injuries were received, said employee was not engaged in the performance of duties that subjected him to a greater hazard from an act of God than ordinarily applied to the public generally."

If, as asserted by appellant, the undisputed evidence showed that deceased was injured and killed by an act of God, and deceased at the time was not engaged in the performance of duties which subjected him to a greater hazard from the act of God than ordinarily applied to the public generally, then the

proposition should be sustained. Undoubtedly, the windstorm that caused the death of deceased was an act of God, but the evidence, we think, without dispute, shows that deceased was at the time of his death engaged in the discharge of duties in the course of his employment that subjected him to a greater hazard than ordinarily applied to the general public. This is a companion case to Security Casualty Co. v. Brown, 297 S. W. 1081, recently determined by this court, and the question here presented was there urged and decided against appellant's contention. The facts in the instant case upon this issue are identical with the facts in the Brown Case, and we do not feel that restating of them here would be profitable, and so we refer to the statement of them in that case. Upon this state of the facts and the decision thereon rendered in the Brown Case, appellant's proposition is overruled. See, also, United States Fidelity Co. v. Rochester (Tex. Civ. App.) 281 S. W. 306.

Appellant does not challenge the amount of the judgment, nor the correctness of the calculations by which it was determined. The assignments urged present questions of law and fact, all of which have been determined against appellant. Hence the judgment should be affirmed, and it is so ordered.

Affirmed.