**SECURITY UNION CASUALTY CO. v. KELLEY et al.   (No. 1117–5043.)**

Commission of Appeals of Texas, Section A. May 23, 1928.

**Master and servant ⟨key⟩388—Stepmother is entitled to recover compensation for death of stepson who left surviving him minor brothers and sisters (Rev. St. 1925, art. 8306, § 8a).**

Under Rev. St. 1925, art. 8306, § 8a, a stepmother is entitled to recover compensation for the death of her stepson who left surviving him minor brothers and sisters, even though statute is ambiguous as to amount recoverable by her.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Security Union Casualty Company against Mrs. W. T. Kelley and others to set aside an award of the Industrial Accident Board, in which named defendant interposed her cross-action. A judgment for defendants was, on appeal, affirmed by the Court of Civil Appeals (299 S. W. 286), and plaintiff brings error. Judgment of the Court of Civil Appeals affirmed.

Fairchild & Redditt, of Lufkin, for plaintiff in error.

E. B. Pickett, Jr., of Liberty, for defendants in error.

NICKELS, J. The case is fully stated by the honorable Court of Civil Appeals, 299 S. W. 286.

The judgment from which appeal was prosecuted allowed Mrs. Kelley and her attorney

recovery in an amount equal to one-half of the total compensation to which all beneficiaries would have been entitled per terms of the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

The parents of Jack Kelley, deceased, were dead at the time of the accident in which he was killed. Jack Kelley was unmarried and without children, but had three "dependent sisters" and two "dependent brothers." Mrs. W. T. Kelley, defendant in error, is the stepmother of Jack Kelley.

1. The question of law brought to the Supreme Court under the first assignment is that a "stepmother is not entitled to recover compensation for the death of the stepson who left surviving him minor brothers and sisters."

By way of negation we state that no question is brought to the Supreme Court concerning the proportionate amount to which a stepmother is entitled in such a case, if she be entitled to recover anything.

The statute in force at the time of Jack Kelley's death, and continuously since, and in which the particular question now under consideration is grounded, is represented by section 8a of article 8306, R. S. 1925, inclusive of the 1923 amendment enacted subsequent to the decisions in Vaughan v. Southwestern Surety Insurance Co., 109 Tex. 298, 206 S. W. 920, Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Com. App.) 231 S. W. 756, Gates v. Texas Emp. Ins. Ass'n (Tex. Civ. App. [writ denied]) 242 S. W. 249, and Southern Surety Co. v. Weaver (Tex. Com. App.) 273 S. W. 839.

In the statute (as amended in 1923) it is declared that "compensation provided for * * * shall be for the sole and exclusive benefit of the surviving husband * * * wife * * * and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé." It is declared that compensation "shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this state." It is also provided that "the right in such beneficiary or beneficiaries to recover compensation for death" shall be "determined by the facts that exist at the date of the death * * * and that said right" shall "be a complete, absolute and vested one."

The Act of 1913, c. 179 (before the court in Vaughan v. Southwestern Surety Insurance Co., supra) omitted designation of beneficiaries or classes of beneficiaries except by reference in the general provision "that the compensation provided for shall be distributed according to the law providing for the distribution of other property of deceased." As noted by the Court of Civil Appeals, by amendment in 1917, beneficiaries or classes thereof were named so as to include "dependent stepmothers," and by the 1923 amendment a "stepmother" ("without regard to the question of dependency") was named as a beneficiary.

In the codification of 1925, the general provision for distribution "according to the laws of descent and distribution of this state" was brought forward and re-enacted. Since provision is not made for a stepparent in our statutes of descent and distribution, the present statute unquestionably includes ambiguity. But for reasons stated and to be stated resolution of that ambiguity or determination of its effect is not essential to disposition of the case made in the Supreme Court.

That the casualty company is liable to beneficiaries (whoever they may be) in double the amount of recovery allowed is not (on the record) questionable.

The 1923 legislative declaration that a "stepmother" is a "beneficiary" must, we think, be given some effect. Whether she be entitled (by implication and as held by the Court of Civil Appeals) to be given the place of a parent, or whether absence of provision for her in the statutes of descent and distribution, with presence of the declaration for a beneficial interest, is to be taken as working an exception to the general provision for apportionment according to the "laws of descent and distribution," and what (in the latter event) is the measure of her entitlement, are moot questions here. We merely hold that she is entitled to recover something on facts such as are disclosed.

If in the present case she got more than the proportion to which she is entitled, that fact produces a question which (as noted) is not embraced in the assignments.

The situation delineated, and especially the fact and matter of the 1923 amendment, in our opinion, removes all ground for assertion of conflict between the decision of the honorable Court of Civil Appeals, in so far as its decision is brought up, and the decisions in any or all of the other cases cited.

2. Touching all other questions involved, we adopt the opinion of the honorable Court of Civil Appeals as expressive of our views.

3. Accordingly, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.