Imogene DORMAN et vir, Appellants,

v.

**ST. PAUL MERCURY INSURANCE COMPANY, et al., Appellees.**

No. 6987.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1960.

Rehearing Denied Nov. 7, 1960.

Gordon, Gordon & Buzzard, Pampa, for appellants.

Merchant, Fitzjarrald, Poole & Merchant, Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

CHAPMAN, Justice.

This is a Workman's Compensation suit. Leland Clyde Dorman was found by the jury to have been an employee of Groninger and King, Inc. at the time he sustained the fatal injury and that at said time he was in the course of his employment. From the jury findings, judgment was rendered against the insurance carrier, St. Paul Mercury Insurance Company, Inc., and recovery was divided equally between the deceased's natural parents, M. C. Dorman and Ruby M. Smertelny, deceased having died unmarried and without children, survived only by his mother, father and stepmother. Imogene Dorman, stepmother of the deceased intervened, joined by her husband, praying that one-third of the compensation benefits be apportioned to her. The refusal of the trial court to do so is the basis of this appeal, and apparently this is a case of first impression on the subject where the mother and father are both living and there is also a stepmother.

Art. 8306, Sec. 8a, Vernon's Ann.Civ.St. designates the beneficiaries of Workman's Compensation as follows:

"Sec. 8a. The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who had not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent

brothers and sisters of the deceased employé; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of the State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law. Acts 1917, p. 269; Acts 1923, p. 384."

Appellant contends that the statute just quoted gives her, by necessary implication, the status of a parent and that under the laws of descent and distribution those standing in the same degree take equally. She cites as one of her principal authorities the case of Security Union Casualty Co. v. Kelly, Tex.Civ.App., 299 S.W. 286 and Tex.Com.App., 6 S.W.2d 741. It is true that recovery was allowed the stepmother in that case, but we believe it was only because the mother was deceased. In the Civ.App. opinion the Court at page 288 said:

"So the stepmother stands in the place of the mother, and is entitled to that portion of the compensation that the mother would receive, if living, and this can be readily determined by the statute of descent and distribution."

On appeal the Com. of App. held that the legislative declaration that the stepmother is a beneficiary must be given some effect but said [6 S.W.2d 742]:

"Whether she be entitled (by implication and as held by the Court of Civil Appeals) to be given the place of a parent, or whether absence of provision for her in the statutes of descent and distribution, with presence of the declaration for a beneficial interest, is to be taken as working an exception to the general provision for apportionment according to the 'laws of descent and distribution,' and what (in the latter event) is the measure of her entitlement, are moot questions here. We merely hold that she is entitled to recover something on facts such as are disclosed."

Appellant also relies on Texas Employers' Insurance Ass'n v. Sloan, Tex.Civ. App., 36 S.W.2d 319, 322, but that case said:

"The stepmother stands in the place of the mother, and is entitled to that portion of the compensation that the mother would receive, if living."

The other cases cited by appellant are of the same import. All are cases where the natural mother was dead. Since the mother is alive in the instant case, there is just not any apportionment that we can see for the stepmother. The same statute which mentions a stepmother as a beneficiary viz. Art. 8306, Sec. 8a, V.A.C.S. also provides the recovery shall be distributed among the beneficiaries as may be entitled to the same according to the laws of descent and distribution of this State. Under such laws, the stepmother in this case would not be entitled to any of the proceeds. We do not believe the legislature intended such an unnatural thing as to grant a recovery to a stepmother, thus taking away part of a natural mother's benefits, the stepmother not being entitled to any of the proceeds under the laws of descent and distribution. To grant the stepmother such benefits

would be to place an unwarranted limitation upon the office of the statutes of descent and distribution in the administration of the Workmen's Compensation Act. Texas Employers' Insurance Ass'n v. Boudreaux, 231 S.W. 756 (Com. of App. Opinion adopted). Accordingly, the judgment of the trial court is affirmed.